[No. 34450. Department Two. November 29, 1957.]

DIANE AGNES SUTTER, *Plaintiff and Relator,* v. JOSEPH T. SUTTER, *Defendant,* THE SUPERIOR COURT FOR WHATCOM COUNTY, *Bert Kale, Judge, Respondent.*[1]

[1]Reported in 318 P. (2d) 324.

*Roehl & Dalquest,* for plaintiff and relator.

*Olson & Olson,* for defendant.

PER CURIAM.—On September 6, 1957, in response to an application therefor, a writ of review was issued directed to the respondent to review an order pertaining to the visitation rights of the defendant under a decree of divorce which the relator had obtained by default on March 15, 1957.

The divorce decree awarded custody of the minor daughter of the parties, aged two and one-half at the date of the divorce, to the relator, with reasonable visitation rights to the defendant. The order entered on July 29, 1957, entitled "Order Clarifying Custody," provided that the defendant should have the right to have the child visit with him at his home for one week in July and one week in August of each year, and one weekend each month during the remainder of the year.

It is alleged in the petition for writ of review that the order, in effect, modifies the custody provisions of the original decree, and that the court was without jurisdiction to modify the decree because the application was made by motion and affidavit for order to show cause rather than by verified petition, as required by RCW 26.08.170. The relator raises the further objection that the affidavit of the defendant fails to allege the necessary change in circumstance or that the welfare of the child would be served by the modification.

The relator seeks to invoke the jurisdiction of this court by extraordinary writ on the ground that she has no right of appeal nor any plain, speedy, and adequate remedy at law. If there is a right of appeal or other adequate remedy available to the relator, the writ of review (or certiorari) will not lie. *State ex rel. Lyon v. Board of County Com'rs of Pierce County,* 31 Wn. (2d) 366, 196 P. (2d) 997.

An order modifying a decree of divorce, changing the custody of a minor child is appealable under Rule on Appeal 14, subds. 6-7, 34A Wn. (2d) 20 (RCW Vol. 0).

*State ex rel. Fent v. Smith,* 123 Wash. 564, 212 Pac. 1055. The same is true of an order modifying or clarifying visitation rights, which is an order affecting substantial rights within the meaning of subds. 6 and 7.

The relator has cited no authority to the contrary nor does she give any reason why the remedy by appeal would not be adequate. The writ must, therefore, be quashed.