[No. 6099–1.   Division One.   April 16, 1979.]

The State of Washington, *Respondent,* v. Gary Pilon, *Appellant.*

*Wayne Lieb* and *Sally Harrison,* of *Institutional Legal Services Project,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Carl K. Chen, Deputy,* for respondent.

WILLIAMS, J.—Gary Pilon appeals from an order revoking his probation.

The facts are not in dispute. On June 1, 1977, judgment was entered following a plea of guilty to the crime of possession of a controlled substance. Pilon was given a maximum sentence of 10 years, which was suspended, and was granted probation upon certain conditions.

On July 21, 1977, a revocation hearing was held and Pilon's probation was revoked. On the same day, Pilon filed

a handwritten notice of appeal. Subsequently, a motion for an order of indigency to prosecute the appeal was filed in the trial court and was denied on October 4, 1977. In denying the motion for an order of indigency, the trial court held:

THIS MATTER having come on before the court on October 4, 1977, upon a motion of the defendant for an Order of Indigency, and the court finding that a Notice of Appeal was filed on July 21, 1977, that said appeal was not timely filed within 30 days of the entry of the Judgment and Sentence as required by RAP 5.2(a), Now, Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Order of Indigency filed on August 16, 1977, is denied.

It appears that the basis of the trial court's ruling was that since the notice of appeal was not filed within 30 days of the judgment, Pilon did not have a right to appeal from an order revoking probation and to a record at public expense. We disagree and remand the cause with directions to allow Pilon to appeal at public expense if he is determined to be an indigent.

The issue on review is whether a defendant has a right to appeal from an order revoking probation when review is sought more than 30 days after entry of the original judgment but within 30 days of the entry of the order revoking probation.

■ The Rules of Appellate Procedure authorize an appeal from a final order entered after judgment which affects a substantial right. RAP 2.2(a)(13). An order revoking probation is an order after final judgment has been entered, and in the event the order revokes probation, it affects a substantial right. *See ABA Standards Relating to Probation* (Approved Draft, 1968). The Supreme Court has permitted review of a probation revocation hearing by an appeal as a matter of right. *See State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968). Accordingly, we hold that a party may appeal as a matter of right from an order revoking

probation, but the appeal is limited to the issues raised at the probation hearing.

■ Further, in the event that a notice of appeal is not filed within 30 days, as required by RAP 5.2(a), the superior court lacks jurisdiction to determine whether a party may appeal under RAP 18.8(b). The appellate court has exclusive jurisdiction to permit filing of an untimely notice of appeal. The matter is, therefore, remanded to the trial court for purposes of holding a hearing to determine if Pilon is an indigent and, if so, to authorize preparation of the record at public expense.

ANDERSEN and RINGOLD, JJ., concur.