[Nos. 14881-1-II; 14882-0-II;   Division Two.   March 4, 1992.] 14997-4-II.

THE STATE OF WASHINGTON, *Respondent*, v. MONTE CLAIR WEST, ET AL, *Petitioners*.

*Karen L. Unger* and *Unger & Baumann; Gary Williams,* for petitioners.

*David Bruneau, Prosecuting Attorney,* and *Deborah S. Kelly, Deputy,* for respondent.

PETRICH, C.J. — These consolidated reviews involve three separate defendants convicted of felonies in Clallam County. In each case, after a guilty verdict was entered at trial, the defendants' respective counsel filed a timely notice of appeal. Following the filing of the notice, and well after the expiration of the time for filing such notices, each defendant's attorney moved for the appointment of counsel and an order of indigency. The trial court in each case refused to sign the orders of indigency, contending that under RAP 15.2 it had no authority to sign an order of indigency when the motion for such an order had been served and filed beyond the time for filing a notice of appeal.

All three defendants filed motions for discretionary review of the denial of their motions for orders of indigency. The sole issue involved is whether the superior court has jurisdiction to consider a motion for an order of indigency filed beyond the time for filing a notice of appeal, though a timely notice of appeal had been filed. We affirm.

Defendants do not dispute that in each case the motion for an order of indigency was not filed and served before the expiration of the time allowed for a notice of appeal. Rather, they contend that the superior court judges erred in concluding that they had no jurisdiction to extend the time during which requests for orders of indigency could be filed and served. It is the position of the defendants that since the trial judge has the power to determine questions regarding the appointment and withdrawal of counsel for an indigent party on review under RAP 15.2, the trial court also has the power to extend the period during which a motion for an order of indigency can be considered.

The relevant portion of RAP 15.2 provides in part:

> **(a) Motion for Order of Indigency.** A party seeking review partially or wholly at public expense must move in the trial court for an order of indigency. The motion must be served and filed within the time allowed for filing a notice of appeal . . ..

Under RAP 5.2(a) and (b), absent special circumstances, a party has 30 days to file a notice of appeal following the entry of judgment and sentence.[1] RAP 15.2 makes no provisions for waiving or extending the 30-day time limit.

RAP 1.2(a), which gives guidance as to how the rules on appeal will be interpreted, provides in part:

> **(a) Interpretation.** These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b).

Section (c) of the same rule pertains to waiver:

> **(c) Waiver.** The appellate court may waive or alter the provisions of any of these rules in order to serve the ends of justice, subject to the restrictions in rule 18.8(b) and (c).

Section (b) of the rule sets out what the use of certain words of command mean in the context of the rules on appeal. The relevant portion of RAP 1.2(b) states "The word 'will' or 'may' is used when referring to an act of the appellate court." The plain language of RAP 1.2(c), as well as the use of the word "may", clearly suggests that the power to waive the provisions of the rules on appeal is vested in the appellate courts, to the exclusion of the superior courts.

RAP 18.8 sets out the standards and procedures for waiving appellate rules and extending or reducing time. Section (a) of this rule states:

> **(a) Generally.** The appellate court may, on its own initiative or on motion of a party, waive or alter the provisions of any of these rules and enlarge or shorten the time within which an act must be done in a particular case in order to serve the ends of justice, subject to the restrictions in sections (b) and (c).

---

[1]Under RAP 15.2(a): "The time between the service and filing of the motion for an order of indigency and the determination of that motion is excluded from the time allowed for filing a notice of appeal or notice for discretionary review." Thus, an indigent party seeking review may have substantially more than 30 days to file a notice of appeal if he or she files and serves a motion for an order of indigency within 30 days after the entry of judgment and sentence. By initially filing a motion for an order of indigency, a defendant can ensure that funds for an appeal will be available before filing the notice of appeal.

Both sections (a) and (b) of this rule explicitly refer to the appellate court rather then the trial or superior court. Additionally, these sections use the words of command "may" and "will", thus indicating reference to an action of the appellate court under RAP 1.2(b). Neither this rule nor any other rule purports to give the superior court power to waive requirements of the rules or to extend the applicable time period under any circumstances.

▮▮▮ Although not expressly stated, the plain language of RAP 1.2 and 18.8 clearly implies that the appellate court is the appropriate court to consider the extension of time for the filing and service of a motion for an order of indigency. General rules of statutory construction are employed in application and interpretation of rules promulgated by the Supreme Court, such as the Rules of Appellate Procedure. *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). Under these rules, legislative intent is determined by examining the enactment as a whole. *State v. Bernhard*, 108 Wn.2d 527, 533, 741 P.2d 1 (1987). If the language of a statute is plain and unambiguous, no construction is permitted and the meaning of the statute must be derived from the wording of the statute itself. *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988). The pertinent language of RAP 1.2 and 18.8, taken together, clearly pertains only to the power of the appellate courts, not of superior courts, to waive the Rules of Appellate Procedure.

The limited case authority dealing with the power of the superior courts under the Rules of Appellate Procedure supports the interpretation outlined above. In *State v. Pilon*, 23 Wn. App. 609, 596 P.2d 664 (1979), the court considered whether, under RAP 18.8(b), the superior court had the power to deny a party's motion for an order of indigency because he had not filed a timely notice of appeal. *Pilon*, at 611. The *Pilon* court held that the "appellate court has exclusive jurisdiction to [allow] an untimely notice of appeal", and remanded the matter for a determination of indigence. *Pilon*, at 612. The *Pilon* court interpreted RAP 18.8(b) as vesting the jurisdiction to waive the time require-

ment for a notice of appeal exclusively in the appellate court. *Pilon*, at 612. Since both RAP 18.8(a) and (b) provide for waiver or extension by the appellate court without any reference to the superior court, under the *Pilon* analysis, waiver or extension of the time within which a motion for an order of indigency must be filed and served is the exclusive province of the appellate court.

Based upon the clear language of the relevant provisions and the relevant case law, we conclude that the trial court has no jurisdiction to sign an order of indigency on a motion filed or served beyond the time allowed for filing a notice of appeal. The appellate court is the only appropriate entity to extend the time requirements of the rule. Accordingly, we affirm the refusal of the Clallam County Superior Court judges to extend the period within which a motion for an order of indigency may be considered. Any such extension can only be allowed by the appropriate appellate court.

ALEXANDER, J., and WORSWICK, J. Pro Tem., concur.