# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

BING KUNG ASSOCIATION, )
                               )    DIVISION ONE
         Respondent, )
                               )    No. 74251-5-I
    v. )
                               )    UNPUBLISHED OPINION
SING CHO NG, )
                               )
         Appellant. )
                               )    FILED: November 6, 2017
_____ )

DWYER, J. — Sing Cho Ng appeals from the October 5, 2015 order of the superior court. We affirm.

I

This opinion has not been selected for publication. The facts of this case are known to the parties and need not be set forth herein.

II

A

The first ruling in the superior court's October 5 order denied Ng's "Resubmitted Motion for More Definite Statement"—a motion that the court determined was in the nature of a motion for reconsideration—because it was not timely filed. The superior court was correct.

A ruling on a motion for reconsideration will be reviewed only for a manifest abuse of discretion. Jacob's Meadow Owners Ass'n v. Plateau 44 II,

LLC, 139 Wn. App. 743, 752 n.1, 162 P.3d 1153 (2007). "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." Jacob's Meadow, 139 Wn. App. at 752 n.1.

Civil Rule (CR) 59 sets forth the time period for filing a motion for reconsideration and reads, "A motion for a new trial or for reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision." CR 59(b).

Here, the superior court entered final judgment on August 25. Ng filed his "Resubmitted Motion for More Definite Statement" nearly three weeks later, on September 14. The superior court concluded that Ng's motion was not timely filed because it was not submitted until well after the 10-day deadline set forth in CR 59(b).

The superior court did not abuse its discretion. There was no error.

B

The superior court's next ruling in its October 5 order denied Ng's "Renewed Motion for Reconsideration" as not timely filed. The superior court was correct.

Again, "[a] motion for a new trial or for reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision." CR 59(b).

The superior court entered final judgment on August 25. Ng filed his "Renewed Motion for Reconsideration" nearly a month later, on September 21.

The superior court denied Ng's motion because it was not submitted until well after the 10-day deadline set forth in CR 59(b).

The superior court did not abuse its discretion. There was no error.

C

The superior court's next ruling in its October 5 order denied Ng's "Motion for Extension of Time to File Appeal" on the basis that, as the superior court, it had no authority to extend the time to file an appeal. The superior court was correct.

"The appellate court has *exclusive* jurisdiction to permit filing of an untimely notice of appeal." State v. Pilon, 23 Wn. App. 609, 612, 596 P.2d 664 (1979) (emphasis added). There was no error.

D

The next ruling in the superior court's October 5 order denied Ng's "Motion to Vacate the 9/29/15 Writ of Restitution" on the ground that Ng failed to present a meritorious basis on which to vacate the writ. The superior court was correct.

We review the trial court's denial of a CR 60(b) motion for a manifest abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). Pursuant to CR 60(b), a party, "[o]n motion and upon such terms as are just," may request that the trial court "relieve a party or the party's legal representative from a final judgment [or] order."

The superior court determined that Ng's motion set forth no basis for relief from the writ of restitution entered against him. The superior court did not abuse its discretion. There was no error.

- 3 -

E

The last ruling in the superior court's October 5 order denied Ng's motion to stay enforcement of the final judgment entered against him. The superior court was correct.

In most cases, the proper procedure by which a party may exercise the right to stay enforcement of a money judgment pending appeal is to post a supersedeas bond in the trial court. RAP 8.1(b)(1).

Ng requested that the superior court stay enforcement of the judgment while his appeal was pending. However, Ng did not post a supersedeas bond. The superior court thus did not err by denying Ng's motion and preventing him from circumventing well-established supersedeas procedure. There was no error.[1]

Affirmed.

We concur.

---

[1] Bing Kung Association requests an award of attorney fees on appeal pursuant to RCW 59.18.410. However, the superior court did not grant an award of attorney fees to Bing Kung Association either in the final judgment or in the October 5, 2015 order. Given that, we deny Bing Kung Association's request for an award of attorney fees incurred on appeal.