
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | |
| | ) | No. 37356-8-III |
| MICHAEL A. MCHATTON, | ) | |
| | ) | |
| | ) | OPINION PUBLISHED IN PART |
| Appellant. | ) | |

KORSMO, J. — Michael McHatton appeals from an order revoking his community-based less restrictive alternative (LRA). We conclude in the published portion of this opinion that the LRA revocation is not an appealable order. We grant discretionary review and, in the unpublished portion, conclude that the trial court did not abuse its discretion by revoking the LRA.

PROCEDURAL HISTORY

Mr. McHatton stipulated to commitment as a sexually violent predator (SVP) in 2002. In 2012, he was conditionally released to an LRA at the Secure Community Transition Facility in Pierce County. In 2017, he was conditionally released to an LRA in the community at Aacres WA, LLC. One condition of the LRA prohibited McHatton from possessing any pictures of children.

A room search in May 2018 discovered numerous images of children. McHatton was returned to confinement and the State moved to revoke the LRA. The motion to

revoke was heard in conjunction with the annual show cause hearing in August 2018. Mr.

McHatton's expert, Dr. Blasingame, testified at the hearing. He agreed that McHatton had

intentionally violated the prohibition against possessing pictures of children. He criticized

the Aacres program for not meeting Mr. McHatton's needs or the requirements of the

LRA order. Dr. Blasingame agreed that McHatton should not stay at Aacres and, instead

of confinement, should be placed in a more properly run community LRA.

The trial court entered an order revoking the LRA. The court also found that Mr.

McHatton continued to meet the definition of an SVP and declined to order a new trial.

Mr. McHatton timely appealed the LRA revocation ruling to the Court of Appeals,

Division Two.

The State challenged the appealability of the revocation ruling and requested that

the court treat the appeal as a motion for discretionary review. Mr. McHatton argued that

the ruling was subject to appeal as a matter of right, but also asked the court to grant

discretionary review. A Commissioner, after noting that prior rulings had inconsistently

permitted review by appeal or by discretionary review without analyzing the issue,

concluded that the order was appealable as a matter of right pursuant to RAP 2.2(a)(13).[1]

---

[1] Mr. McHatton also successfully obtained discretionary review of the order on the show cause hearing. That portion of the case was bifurcated, assigned a separate cause number, and later was also transferred to this division. Argument is scheduled for September 10, 2020. *In re Detention of McHatton*, No. 37423-8-III.

The State moved to modify that ruling while the parties proceeded to brief the merits of the LRA revocation ruling.

A Division Two panel granted the motion to modify and set the appealability issue before the panel hearing the case; the panel was also authorized to grant discretionary review. The parties filed supplemental briefs on appealability. Subsequently, the case was administratively transferred to Division Three. A panel considered the appeal without conducting argument.

ANALYSIS

Mr. McHatton argues that the case was appealable as a matter of right pursuant to either RAP 2.2(a)(8) or RAP 2.2(a)(13). We review each of those provisions in the order listed.

Although significantly guided by the due process clauses of the 14th Amendment to the United States Constitution and art. I, § 3 of the Washington Constitution, sexually violent predator proceedings are governed by chapter 71.09 RCW. As relevant here, the statutory scheme provides that a person can only be committed after a trial determines that a person meets the definition of "sexually violent predator." RCW 71.09.060. Upon commitment, there must be an annual review to determine if the person remains an SVP. RCW 71.09.070. When the SVP makes progress and is ready for more freedom, an LRA may be ordered upon various conditions particular to the individual. RCW 71.09.090.

3

RAP 2.2(a) identifies superior court rulings that may be appealed as a matter of right. An order revoking an LRA is not expressly specified in the rule. Accordingly, Mr. McHatton argues that an LRA revocation fits within the two other provisions.

The first of those at issue provides:

> (8) *Order of Commitment.* A decision ordering commitment, entered after a sanity hearing or after a sexual predator hearing.

RAP 2.2(a).

Prior to amendment in 1994, subsection (8) addressed only commitment orders entered following a sanity hearing. *See* former RAP 2.2(a)(8) (1990). The 1994 amendment added the language: "or after a sexual predator hearing." RAP 2.2, at 124 Wn.2d 1109-10 (1994). The Washington Supreme Court explained the meaning of this addition in *In re Detention of Petersen*, 138 Wn.2d 70, 980 P.2d 1204 (1999):

> There can be no dispute our initial intent was to provide an appeal as of right only from the initial commitment order that followed the full evidentiary adjudication of an individual as a sexually violent predator.

*Id*. at 85.

*Petersen* involved the question of whether an SVP could appeal as a matter of right from the annual review hearing. *Id*. at 77. The court rejected the argument that RAP 2.2(a)(8) applied, limiting the reach of that rule to the initial commitment order. *Id*. at 85. The court found analogous support in its case law rejecting efforts at appealing from a six month review hearing in a child dependency action. *Id*. at 86-87 (discussing *In*

4

*re Dependency of Chubb*, 112 Wn.2d 719, 773 P.2d 851 (1989)). *Chubb* had declined to allow appeals from the review hearing even though RAP 2.2(a)(5) had permitted appeals from the dependency order. *Id*. Again relying on *Chubb*, *Petersen* also noted that the trial court's continuing jurisdiction over the case meant that the trial court's interlocutory orders were not final. *Id*. at 87.

Consistent with the narrow reach of RAP 2.2(a)(8) described by *Petersen*, we hold that an LRA revocation order is not a "commitment" order issued "after a sexual predator hearing." RAP 2.2(a)(8) does not authorize appeals of right from the revocation of a LRA.

Mr. McHatton, as had Mr. Petersen, also relies on the final provision of RAP 2.2(a):

> *Final Order After Judgment.* Any final order made after judgment that affects a substantial right.

RAP 2.2(a)(13). The *Petersen* majority also rejected this argument.[2]

The existence of the trial court's continuing jurisdiction over SVP proceedings rendered the court's orders interlocutory rather than final. *Petersen*, 138 Wn.2d at 87. Because of the court's continuing jurisdiction, "the order in this case cannot be a final judgment." *Id*. at 88. The order resolved only the petition before the trial court, not the final disposition of the case. *Id*. Any review of the probable cause ruling would need to

---

[2] Whether RAP 2.2(a)(13) authorized an appeal of right from a review hearing was the sole issue that divided the court. *Petersen*, 138 Wn.2d at 97 (Sanders, J., dissenting).

follow from an appellate court's discretionary review authority, RAP 2.3(b). *Id*. at 88-89.

McHatton distinguishes *Petersen* on the basis that it involved the annual review rather than revocation of an LRA. However, that distinction is analytically insignificant. Orders entered following either a review hearing or an LRA revocation both flow from the original commitment order that provides the trial court's authority over the case. Indeed, the revocation of an LRA arguably is less significant than a probable cause ruling in a review hearing. A finding that probable cause no longer exists ultimately can lead to the SVP status ending, while a revocation ruling merely returns the SVP to an earlier stage of his treatment regime. It is not a final order.

Neither RAP 2.2(a)(8) nor RAP 2.2(a)(13) authorize an appeal as a matter of right from the revocation of an LRA.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

"A notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review." RAP 5.1(c). As authorized by the panel decision on the motion to modify, and in the interests of justice, we accept discretionary review of Mr. McHatton's challenge to the LRA revocation. *State v. Campbell*, 112 Wn.2d 186, 190, 770 P.2d 620 (1989).

Revocation of an LRA is controlled by statute. RCW 71.09.098. The State has

the option of pursuing either modification or revocation of the existing LRA, and bears

the burden of establishing a violation of the conditional release order by a preponderance

of the evidence. RCW 71.09.098(5). In the event that the violation is established, the

court must determine whether continuing the LRA is in the person's best interests or is

adequate to protect the community. RCW 71.09.098(6)(a).

In making that determination, the court must weigh the evidence against five

factors:

> (i) The nature of the condition that was violated by the person or that the person was in violation of in the context of the person's criminal history and underlying mental conditions;
> (ii) The degree to which the violation was intentional or grossly negligent;
> (iii) The ability and willingness of the released person to strictly comply with the conditional release order;
> (iv) The degree of progress made by the person in community-based treatment; and
> (v) The risk to the public or particular persons if the conditional release continues under the conditional release order that was violated.

RCW 71.09.098(6)(a). Any of these factors, "alone, or in combination, shall support the

court's determination to revoke the conditional release order." RCW 71.09.098(6)(b).

Typically, orders revoking suspended criminal sentences are reviewed for abuse of

discretion. *See*, *e.g.*, *State v. McCormick*, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009);

7

*State v. Partee*, 141 Wn. App. 355, 361, 170 P.3d 60 (2007). At least one unpublished

decision has applied that standard to the revocation of an LRA. *In re the Detention of*

*Ward*, No. 75679-6-I, at *7-*8 (Wash. Ct. App. Dec. 12, 2016) (unpublished),

http://www.courts.wa.gov/opinions/pdf/373568.pdf.[3] The parties agree that the abuse of

discretion standard applies to this case. *See* Br. of Appellant at 16; Br. of Resp't at 15.

Discretion is abused when it is exercised on untenable grounds or for untenable reasons.

*State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Mr. McHatton does not contest the fact that he possessed the photographs of

children in violation of the conditions of the LRA. The court properly found that he

violated the LRA. The remaining question is whether the trial court abused its discretion

in revoking the LRA instead of modifying it. Mr. McHatton's expert testified about the

failures of the Aacres program and blamed lack of room searches for his client's ability to

stockpile photographs of children. McHatton argues that due process required the trial

court to consider the inadequacies of the Aacres program in addition to the five statutory

factors of RCW 71.09.098(6)(a)(i)-(v). To that end, McHatton argues that the familiar

due process standard of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed.

2d 18 (1976), required the trial court to do so.

---

[3] *See* GR 14.1(c).

We need not analyze *Mathews* in this context because the trial court did actually consider the evidence and the argument about Aacres. Report of Proceedings at 61-63. The court knew that its choices were revocation or continuing the LRA with modification. The problem from Mr. McHatton's perspective is that he did not have a firm alternative plan to present to the court and the State was only seeking revocation in light of his failure to make progress. Instead, McHatton attacked the management of the existing program, giving further weight to the State's motion to revoke, and had only a vague outline of what to do next. The trial court correctly noted that any alternate placement proposal would have to be investigated by the department of corrections and presented to the court for its consideration. Neither of those steps had occurred.

But Mr. McHatton's attack on the treatment providers is not fully supported by the court's findings. The court's oral remarks concluded that Mr. McHatton had lied to his treatment provider and attempted to manipulate her. The court entered written finding of fact 9, unchallenged on appeal, stating that Mr. McHatton lied to the treatment provider about his behavior and progress, coming clean only as his violations were about to be discovered. Clerk's Papers at 635. Mr. McHatton's view that the treatment provider failed him simply is contrary to the trial court's assessment of the situation. He failed treatment, not the other way around.

All parties ultimately agreed that Mr. McHatton's placement at Aacres was a failure. They differed on the cause of that failure, with the trial court coming down

9

against Mr. McHatton on the credibility determination.  His spirited effort to defend the revocation by seeking modification without having a new plan failed to convince the court.

There were tenable grounds for granting the revocation.  The trial court did not abuse its discretion by revoking the LRA.

Affirmed.

                        _____
                             Korsmo, J.

I CONCUR:

_____
Pennell, C.J.

No. 37356-8-III

FEARING, J. (dissenting in part/concurring in part)—In *In re Detention of Petersen*, 138 Wn.2d 70, 980 P.2d 1204 (1999), the Washington Supreme Court held that a sexual violent detainee has no right to appeal the superior court's annual review decision, under RCW 71.09.090, that finds no probable cause to believe that the detainee's condition has changed such that he can be released or sent to a less restrictive alternative. The court denied the detainee a right to appeal under both RAP 2.2(a)(8) and (13). Nevertheless, in footnote 13 of the decision, the court wrote with regard to RAP 2.2(a)(8):

> Arguably, although we do not now so decide, review of decisions made after a full hearing on the merits under RCW 71.09.090(2) would be reviewable as of right. Such hearings appear to be equivalent to whole new trials with the same procedural protections as the initial commitment trial. The State must again prove Petersen to be a sexually violent predator beyond a reasonable doubt. If the jury at that hearing would so find, the predator's continuing commitment would flow from this new, subsequent determination, rather than from the original order of commitment, for purposes of RAP 2.2(a)(8).

*In re Detention of Petersen*, 138 Wn.2d at 87 n.13.

*In re Detention of Petersen* is a split decision with four dissenters concluding that the detainee could appeal under RAP 2.2(a)(13). According to the minority, the trial court's decision constituted a final order entered after judgment that affected a substantial right. The earlier judgment was the order of commitment. The final order was the denial of a trial on the merits as to whether the detainee could be released or moved to a less restrictive facility. The substantial right was the right of liberty protected by the federal and state constitutions. The dissenters emphasized the importance of an appeal as a fundamental right in a free society.

I believe the minority, not the majority, correctly decided the issue of the right to an appeal in *In re Detention of Petersen*. Nevertheless, I would follow, based on stare decisis, the *Petersen* majority, in Michael McHatton's appeal, if not for footnote 13.

Michael McHatton seeks an appeal as a matter of right to the superior court's revocation of his less restrictive alternative after an evidentiary hearing. Thus, the decision before us for review is not a perfunctory ruling, but a hearing similar in nature to the hearing referenced in *Petersen*'s footnote 13. Based on the footnote and the sound reasoning found in the *Petersen* dissent, the ruling we review today was either an order of commitment in accordance of RAP 2.2(a)(8), a final order after a judgment that impacts one's substantial right in light of RAP 2.2(a)(13), or both.

An order revoking one's probation may be appealed as a matter of right as an order after final judgment affecting a substantial right. *State v. Pilon*, 23 Wn. App. 609, 611, 596 P.2d 664 (1979). An order modifying a parent's visitation rights to a child is

also a final order affecting substantial rights. *Sutter v. Sutter*, 51 Wn.2d 354, 356, 318 P.2d 324 (1957). An order revoking a less restrictive alternative of a sexually violent detainee parallels an order revoking probation and order altering visitation rights.

I dissent from the majority's ruling that Michael McHatton could not appeal the superior court order revoking his less restrictive alternative detainment. I concur in the majority's ruling on the merits of the appeal.

_____Fearing, J._____
Fearing, J.